# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00135-CR

**Esteban Siaz Jr., Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT
## NO. 13,889, HONORABLE TERRY L. FLENNIKEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Esteban Siaz, Jr. was convicted of harassing a public servant by spitting on him. *See* Tex. Penal Code Ann. § 22.11(a)(2) (West 2011). Siaz spit on a law-enforcement officer while being arrested for an unrelated offense. On appeal, Siaz argues that the arrest for the unrelated offense was illegal because the arresting officer lacked probable cause, and as a result the trial court erred by refusing to suppress evidence resulting from the arrest (including evidence that Siaz spit on the officer). We hold that the trial court did not err by refusing to suppress evidence because even if the arrest was illegal, it was causally unrelated to the acquisition of evidence that Siaz spit on the officer. We affirm the conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 29, 2009, Bastrop County Sheriff's Deputy Randy McMillan responded to a report that a man was riding a bicycle down the middle of a two-lane highway. McMillan went to the scene and encountered Siaz. After a contentious interaction, McMillan came to believe that

Siaz was intoxicated. Accordingly, McMillan arrested Siaz for public intoxication. *See id*. § 49.02 (West 2011). McMillan handcuffed Siaz and led him to a squad car to be transported to jail. As McMillan was placing Siaz in the car, Siaz spit in McMillan's face.

The State charged Siaz with harassing a public servant by spitting on him. *See id*. § 22.11(a)(2). The State did not charge Siaz with public intoxication. Before trial, Siaz moved to suppress all evidence resulting from his arrest, including evidence related to the harassment charge, on the basis that McMillan lacked probable cause to arrest him for public intoxication. The trial court denied Siaz's motion, and the parties proceeded to trial.

A jury convicted Siaz of harassment and assessed punishment at six years' confinement and a $1,000 fine. Siaz appeals, arguing that the trial court erred by denying his motion to suppress evidence.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress evidence for abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). A trial court abuses its discretion when its ruling is arbitrary or unreasonable. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).

## DISCUSSION

Siaz argues that his arrest for public intoxication was illegal because McMillan lacked probable cause, and as a result the trial court erred by refusing to suppress evidence resulting from the arrest (including evidence that Siaz spit on McMillan). *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005) (court must exclude illegally obtained evidence).

2

We will assume for the sake of analysis that Siaz's arrest for public intoxication was illegal. Even so, the trial court did not err by refusing to suppress evidence. A trial court need not suppress *all* evidence that "results" from an illegal arrest; rather, it must suppress all evidence that "has been come at by exploitation of that illegality." *State v. Iduarte*, 268 S.W.3d 544, 551 (Tex. Crim. App. 2008) (citation and quotation marks omitted). When Siaz spit on McMillan, "that act constituted an independent criminal offense committed after the complained-of [arrest], and the acquisition of evidence of the independent offense was not causally connected to the officer's allegedly illegal" act. *Id*. That is to say, "[t]he exclusionary rule . . . does not . . . provide limitless protection to one who chooses to react illegally to an unlawful act by a state agent." *Id*. (citation and quotation marks omitted).

> Here, evidence of the charged offense did not exist before the officer's challenged actions because the charged offense had not yet occurred; the evidence showed a subsequent independent criminal act that was not causally connected to any unlawful [action] by a state agent. Therefore, the exclusionary rule does not apply to this case.

*Id*. Because the exclusionary rule does not apply, the trial court did not abuse its discretion by refusing to suppress evidence. *See Crain*, 315 S.W.3d at 48. We affirm the conviction.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   September 21, 2011

Do Not Publish